IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES WILBERT JOHNSON,  )
                        )
    Plaintiff,           )
                        )
v.                      )        Civil Action No. 3:07CV287-HEH
                        )
COMMISSIONER, UNITED    )
STATES PAROLE COMMISSION, )
                        )
    Defendant.           )

**MEMORANDUM OPINION**
(Dismissing Civil Rights Action)

Plaintiff, proceeding *pro se*, brings this civil rights action.[1] This matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

**I. Preliminary Review**

This Court must dismiss any action filed by a prisoner if it determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions

---

[1] The Clerk is directed to amend the docket to reflect that Plaintiff named the Commissioner of the United States Parole Commission as the sole defendant. Plaintiff filed this action on the forms for filing a complaint under 42 U.S.C. § 1983. Because the only named defendant is a federal official, the action is properly construed as a *Bivens* action. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).[2] The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965, to one that is "plausible on its face," rather than

---

[2] In conducting the frivolousness inquiry, the Court may examine the record of previous filings by the Plaintiff. *See Owens v. Smith*, No. 94-7363, 1995 WL 236666, at *2 (4th Cir. Apr. 24, 1995). Here, the Court previously addressed a 28 U.S.C. § 2241 petition filed by Plaintiff raising the same allegations raised in the present complaint. On March 30, 2007, the Court denied that petition. *See Johnson v. Members of the U.S. Parole Comm'n*, No. 3:06cv394 (E.D. Va. Mar. 30, 2007).

"conceivable." *Id.* at 1974. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Further, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

On March 28, 1977, the United States District Court for the Eastern District of Virginia sentenced Plaintiff to an eighteen-year term of imprisonment (hereinafter the "Federal Sentence").[3] The Federal Sentence was later reduced to fifteen years. Plaintiff served a portion of the Federal Sentence and was granted parole on April 16, 1981. A warrant for Plaintiff's arrest was issued on May 24, 1982. The warrant charged Plaintiff with violating the conditions of his parole by failing to work and failing to report to a community center. Before Plaintiff could be arrested on the warrant for violation of

---

[3] The following allegations are gleaned from Plaintiff's present complaint and the record in *Johnson v. Members of the U.S. Parole Comm'n*, No. 3:06cv394 (E.D. Va. Mar. 30, 2007).

3

parole, however, he was arrested and convicted of murder, use of a firearm in the commission of a felony, and possession of heroin in the Circuit Court for the City of Richmond. This state court sentenced Plaintiff to life imprisonment (hereinafter the "State Sentence"). Plaintiff has remained in state custody since 1982.

The United States Parole Commission subsequently learned that the U.S. Marshal's office had lodged the parole violator warrant as a detainer with the Virginia authorities. On November 4, 1983, the Parole Commission conducted a review of the detainer and decided to let it stand. Thereafter, the Parole Commission conducted a dispositional revocation hearing at the Virginia State Penitentiary. On November 4, 1984, the Parole Commission decided to revoke Plaintiff's parole and ordered the balance of the Federal Sentence (3901 days) to run consecutively to the new State Sentence. Plaintiff did not appeal the Parole Commission's decision.

On July 2, 1990, the Parole Commission conducted an interim review of its decision. On October 10, 1990, the Parole Commission ordered that Plaintiff's case be continued to a fifteen-year reconsideration hearing. Plaintiff failed to appeal this decision. On August 21, 2006, the Parole Commission advised Plaintiff that it would conduct his reconsideration hearing on the basis of the written record rather than conducting an in-person hearing.

Plaintiff contends that he is entitled to relief on the following grounds:

Claim 1   Plaintiff's rights under the Eighth Amendment were violated because the Parole Commission failed to lift an invalid detainer.

4

Claim 2    Plaintiff was denied due process because the Parole Commission:
(a) failed to lift the invalid detainer; and
(b) failed to conduct an interim revocation hearing.

### III. Analysis

The Court previously rejected, on the merits, Plaintiff's contention that he had a right to interim hearings. *Johnson*, No. 3:06cv394, at 6 ("Petitioner presumably believes that he is entitled to such hearings pursuant to the Parole Commission and Reorganization Act ('the Act'). 18 U.S.C. §§ 4201–4218. This Act, however, does not apply to prisoners such as Petitioner serving sentences in state custody for intervening state convictions. *See* 18 U.S.C. § 4201 (defining an 'eligible prisoner' as a federal prisoner)."). Accordingly, Claim 2(b) will be dismissed with prejudice.

In Claims 1 and 2(a), Plaintiff contends that the Parole Commission violated his constitutional rights by filing a detainer with the Virginia Department of Corrections, which represents that Plaintiff must serve a Federal Sentence upon the completion of his State Sentence. Plaintiff claims that the detainer is invalid because he has fully served his Federal Sentence. As explained below, such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court stated that civil tort actions are simply "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

5

> actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87. The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Supreme Court has extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997). Recently, the Supreme Court summarized that *Heck* and subsequent cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). The rationale in *Heck* applies with equal force to *Bivens* actions. *See Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995).

Plaintiff's current complaint is a thinly veiled attack on his outstanding Federal Sentence. If Plaintiff were to succeed on Claims 1 and 2(a), it would necessarily

6

demonstrate the invalidity of any future confinement pursuant to the Federal Sentence. *See Heck*, 512 U.S. at 487. Thus, Claims 1 and 2(a) are barred by *Heck* and related cases unless Plaintiff demonstrates that he has successfully challenged the Federal Sentence, which is the basis for the detainer. *See Munofo v. Alexander*, 47 F. App'x 329, 330–31 (6th Cir. 2002) (No. 02-1373). Plaintiff has not done so. Therefore, Claims 1 and 2(a) will be dismissed without prejudice. Accordingly, the action will be dismissed.

The Clerk is directed to note the disposition of the action for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: April 23, 2008
Richmond, Virginia